**SULAIMAN LAW GROUP, LTD.**
Bobby C. Walker, Esq. (State Bar No. 321788)
2500 South Highland Avenue, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 149
Facsimile: (630) 575-8188
Email: bwalker@sulaimanlaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NEWTON J. RICARD,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 2:22-cv-04368<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. §1692 ET SEQ.**<br><br>2. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CIV. CODE §1788 ET SEQ.**<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT

NOW comes NEWTON J. RICARD ("Plaintiff"), by and through the undersigned, complaining as to the conduct of MIDLAND CREDIT MANAGEMENT, INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA"), under 15 U.S.C. § 1692 *et seq*., and the Rosenthal Fair Debt Collection Practices Act ("RFDCPA") under Cal. Civ. Code § 1788 et seq., stemming from Defendant's unlawful conduct.

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C § 1692, 28 U.S.C. §§ 1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exits for Plaintiff's state law claim pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business, and a substantial portion of the events or omissions giving rise to the claims occurred, within the Central District of California.

**PARTIES**

4. Plaintiff is a natural person over 18 years-of-age and, at all times relevant, resided in Torrance, California, which falls within the Central District of California.

5. Plaintiff is a "person," as defined by 47 U.S.C. § 153(39).

6. Defendant is a third party debt collector. Defendant is a corporation organized and existing under the laws of the state of Kansas with its principal place of business located at 3111 Camino Del Rio North, Suite 1300, San Diego, California 92108.

7. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

2

8. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives, and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSE OF ACTION**

9. The instant action arises out of the nature of Defendant's attempt to collect on a purported defaulted debt ("subject consumer debt") allegedly owed by Plaintiff.

10. The subject consumer debt stems from Plaintiff's purportedly past due payments said to be owed in connection with a personal credit card issued by Credit One Bank.

11. Based on information and belief, sometime after Plaintiff's purported default on the subject consumer debt, Credit One charged off the subject consumer debt, and it was subsequently purchased by Defendant.

12. Within the year preceding the filing of this Complaint, Defendant has called Plaintiff on his personal cellular phone number, (424) XXX-4007, numerous times seeking payment for the subject consumer debt.

13. At all times relevant to the instant action, Plaintiff was the sole subscriber, owner, and operator of the number ending in 4007. Plaintiff is, and always has been, financially responsible for the phone and its services.

14. Defendant has used a variety of numbers when placing calls to Plaintiff, including, but not limited to, (602) 666-5625, (858) 251-1391, (623) 633-7074, (947)

333-0113, and (602) 666-4570. Upon information and belief, Defendant has used other numbers as well.

15. Upon information and belief, Defendant regularly utilizes the above-mentioned phone numbers for its collection activities.

16. Upon speaking with one of Defendant's representatives, Plaintiff was informed that Defendant was attempting to collect upon the subject consumer debt.

17. Plaintiff communicated that he did not know what the debt was for as he does not recognize it, and demanded that Defendant cease in contacting him further.

18. Plaintiff is disabled, and was particularly aggravated by Defendant's attempts to collect a debt given his limited financial means, even if Plaintiff in fact owed the debt upon which Defendant was attempting to collect.

19. Despite Plaintiff's demand to cease contacting him, Defendant continued to repeatedly call Plaintiff, seeking payment for the subject consumer debt, well into the spring of 2022.

20. Upon information and belief, Defendant's entire collection efforts directed towards Plaintiff were erroneous and were attempting to collect upon a debt owed by an individual consumer with a similar name as, but different social security number than, Plaintiff.

21. Frustrated with Defendant's persistent and erroneous conduct, Plaintiff spoke with his undersigned regarding his rights, exhausting time, money, and resources.

22. Plaintiff has been unfairly and unnecessarily harassed by Defendant's actions.

4

23. Plaintiff has suffered concrete harm as a result of Defendant's actions, including but not limited to, invasion of privacy, confusion, aggravation, emotional distress, being the target of unnecessary collection efforts, and a further violation of his state and federally protected interests to be free from harassing and deceptive collection conduct – interests which were materially harmed as a result of Defendant's false, deceptive, and misleading conduct.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

24. Plaintiff repeats and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

26. Defendant is a "debt collector" as defined by § 1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or in attempting to collect, delinquent consumer accounts, and is similarly a business whose principal purpose is the collection of debt.

27. Defendant identifies itself as a debt collector, and is engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due, or asserted to be owed or due, to others.

28. The subject consumer debt is a "debt," as defined by FDCPA § 1692a(5), as they arise out of a transaction due, or asserted to be owed or due, to another for personal, family, or household purposes.

### a. Violations of FDCPA § 1692d

29. The FDCPA, pursuant to 15 U.S.C. § 1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." § 1692d(5) further prohibits debt collectors from "causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number."

30. Defendant violated §§ 1692d and 1692d(5) through its repeated placement of phone calls to Plaintiff's cellular phone seeking collection of the subject debt despite his demands that the phone calls cease. It was harassing and abusive for Defendant to continue to place such calls notwithstanding Plaintiff's demands that they cease, in particular considering that Defendant was seeking to speak with an individual who was not Plaintiff.

### b. Violations of FDCPA § 1692e

31. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt.

32. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10)."

33. Defendant violated §1692e and e(10) when it used deceptive means to collect and/or attempt to collect the subject debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt, and was even notified by Plaintiff to stop calling. Nevertheless, Defendant called Plaintiff repeatedly in a deceptive attempt to force him to answer its calls and ultimately make a payment, even though Defendant was attempting to speak with an individual who was not Plaintiff.

    **c. Violations of FDCPA § 1692f**

34. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

35. Defendant violated § 1692f through its unfair efforts to collect upon a debt from an innocent consumer who had repeatedly attempted to get Defendant's phone call efforts to cease.

WHEREFORE, Plaintiff, NEWTON J. RICARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

    a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

    b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. § 1692k(a)(2)(A);

    c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. § 1692k(a)(1);

    d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. § 1692k(a)(3);

7

e. Enjoining Defendant from further contacting Plaintiff seeking payment of the subject debt; and

f. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT II – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "person" as defined by Cal. Civ. Code § 1788.2(g).

38. The subject consumer debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code §§ 1788.2(d) and 1788.2(f).

39. Defendant is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

**a. Violations of RFDCPA § 1788.10 – 1788.17**

40. The RFDCPA, pursuant to Cal. Civ. Code § 1788.17, states that "Notwithstanding any other provision of this title, every debt collector collecting or attempting to collect a consumer debt shall comply with the provisions of Section 1692b to 1692j, inclusive of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

41. As outlined above, through its unlawful conduct in attempting to collect upon the subject consumer debt, Defendant violated § 1788.17; and §§ 1692d, 1692e, and 1692f of the FDCPA. Defendant employed a series of harassing, deceptive, and

8

unconscionable means while attempting to collect the subject consumer debt, as outlined above.

42. Defendant willfully and knowingly violated the RFDCPA. Defendant was aware that Plaintiff disputed owing the subject debt through not knowing what it was and did not wish to receive any more collection calls to his cellular phone, but yet Defendant continued to bombard Plaintiff with such calls, demanding payment for the subject consumer debt. Defendant's willful and knowing violations of the RFDCPA should trigger this Court's ability to award Plaintiff statutory damages of up to $1,000.00, as provided under Cal. Civ. Code § 1788.30(b).

WHEREFORE, Plaintiff, NEWTON J. RICARD, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);

c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);

d. Award Plaintiff costs and reasonable attorney fees as provided, pursuant to Cal. Civ. Code § 1788.30(c);

e. Enjoining Defendant from further contacting Plaintiff; and

f. Award any other relief as the Court deems just and proper.

Dated: June 27, 2022                 Respectfully submitted,

9

1
2
3
4
5
6
7

/s/Bobby C. Walker  
Bobby C. Walker, Esq.  
California Bar No. 321788  
*Counsel for Plaintiff*  
Sulaiman Law Group, Ltd  
2500 S Highland Ave, Suite 200  
Lombard, IL 60148  
Telephone: (630) 575-8181 Ext. 149  
bwalker@sulaimanlaw.com

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28